IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:

John N. Oake

    Debtor(s).
_____/

Case No:  8:16-bk-00412-KRM
Chapter 7

**CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND LISTING AGENT TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330**

Richard M. Dauval, as Chapter 7 Trustee (the "Trustee") for the above referenced debtor(s) (together, the "Debtor"), by and through the undersigned counsel, files this Application for entry of an order authorizing retention of (1) BK Global Real Estate Services ("BKRES") under the terms set forth in the agreement (the "BKRES Agreement") attached to BKRES' Affidavit of Disinterestedness (the "BKRES Affidavit") and (2) William Howell and Hook & Ladder Realty ("Listing Agent") under the terms of the agreement (the "Listing Agreement") attached to Listing Agent's Affidavit of Disinterestedness at (the "Listing Agent Affidavit").  In support thereof, the Trustee respectfully states as follows:

PRELIMINARY STATEMENT

Trustee requests approval to retain BKRES and Listing Agent, at no cost to the estate, to negotiate with and persuade the first lienholder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay a 11 U.S.C. § 506 surcharge to provide a carveout for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

1

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

The proposed agreements are attached and provide that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as a 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carveout for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain secured creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

## JURISDICTION

This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

On 01/20/16 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

The Trustee held and concluded the 341 meeting on Feb 24, 2016.

The Debtor is the sole owner of real property located at **26109 82nd E., Myakka City, FL 34251** (the "Property"). The Debtor has not claimed the Property as exempt and, upon information and belief, the Property is vacant.

The Debtor has no equity in the Property. The Debtor's schedules reflect that the Property is currently worth $214,314.00, but is subject to a first mortgage lien (the "Senior Mortgage") in favor of Ocwen Loan Servicing, LLC (the "Secured Creditor") in an amount exceeding $279,624.00.

The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

    a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

    b. buy the Property from the Debtor's estate if (and only if) no such offer is made;

    c. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    d. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

pocket expenses, and provide a carveout for the benefit of allowed unsecured creditors of the Debtor's estate.

Trustee expects BKRES and Listing Agent to obtain Secured Creditor's Consent and bring a separate motion seeking an order approving the sale of the Property (the "<u>Motion to Approve Sale</u>") within several months of the entry of the order sought by this Application.

By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to procure Secured Creditor's Consent, and (b) approve Secured Creditor's payment of the fees described below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

<u>**APPLICATION**</u>

Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee… or a professional person employed under section 327…(A) reasonable compensation for actual, necessary services rendered [by such party]… and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

As further described in the materials attached to their affidavits, BKRES[2] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and

---

[2] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditor's Consent is first obtained. That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtor's estate.

In no event will the estate have any obligation to pay BKRES or Listing Agent. The terms of the BKRES Agreement and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving the sale.

BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to

Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent.

Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES.

### CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

DATE: APRIL 6, 2016　　　　　　　　　　　RESPECTFULLY SUBMITTED,

　　　　　　　　　　　　　　　　　　　　BY:　　/S/ RICHARD M. DAUVAL, ESQ.
　　　　　　　　　　　　　　　　　　　　　　　Richard M. Dauval, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Attorney for the Chapter 7 Trustee
　　　　　　　　　　　　　　　　　　　　　　　3900 1st Street North
　　　　　　　　　　　　　　　　　　　　　　　Saint Petersburg, FL 33703

MIDDLE DISTRICT OF FLORIDA

In re:  : Chapter 7
 :
 : Case No. **16-00412**
 :
Debtors :
**JOHN OAKE** :
 :

### DECLARATION OF STEPHANIE GIVENS IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND HOOK & LADDER REALTY TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

The undersigned, Stephanie Givens ("Declarant") hereby states:

1. I am employed by BK Global Real Estate Services ("Applicant" or "BKRES"), which is an entity duly licensed as a real estate brokerage by the State of Texas located at 2000 E. Lamar Blvd., Suite 155, Arlington, Texas 76006. I am Applicant's broker-in-charge and am authorized by Applicant to submit this Declaration on Applicant's behalf in support of the annexed Application to Retain BKRES and in accordance with Bankruptcy Rule 2014.

2. Based upon the information discussed below, I believe that Applicant is a disinterested person and does not hold or represent any interest adverse to the interest of the Debtor's estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3. To the best of my knowledge: (a) neither BKRES nor any of its employees has any connection with the Debtors, its creditors in this case, the Chapter 7 Trustee, the Office of the United States Trustee, or any employees thereof or any party in interest herein; (b)

BKRES and each of its employees are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) neither BKRES nor any of its employees hold or represent an interest adverse to the Debtor's estate.

4. A description of the qualifications of, and services provided by, BKRES is attached as <u>Schedule 1</u>.

5. That I have read the application of the Trustee regarding the retention and compensation of BKRES and agreed to be bound by the terms and conditions represented therein.

6. That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as fully set forth in the BKRES Agreement that is attached as <u>Schedule 2</u> hereto, as it deems appropriate.

Verified under penalty of perjury that the foregoing is true and correct this 15 day of March, 2016.

_____
Stephanie Givens
Corporate Broker

The foregoing instrument was acknowledged before me this 15 day of March, 2016, by Stephanie Givens who provided identification or is personally known to me and who aid take an oath.

_____
Notary Public-State of Texas

My commission expires



CECILY MARIE LARD
Notary Public, State of Texas
My Commission Expires
August 06, 2019



March 2, 2016

Richard M. Dauval
Chapter 7 Trustee
Leavengood, Dauval, Boyle & Meyer, P.A.
3900 First Street North, Suite #100, St.
Petersburg, FL 33703
E-mail: rdauval@leavenlaw.com

Re:   **John Oake**
      Engagement Agreement to Negotiate Consented Sale for 26109 82nd Ave E Myakka City, FL 34251-9171

Dear Mr. Dauval:

This letter transmits the BK Score and related materials for the referenced property ("Property") and confirms the undersigned's ("our," "we" or "us") agreement to negotiate a Consented Sale on the following terms and conditions (collectively, the "Agreement"):

    1.    Following entry of an order approving this Agreement, we and our affiliate, Bankruptcy Global Holdings, LLC, will make commercially reasonable efforts to procure the consent and agreement ("Consent") of the senior mortgagee ("Secured Creditor") to:

    a.    sell the Property to whichever third party you determine to have made the best qualified offer during a public sale approved by the court;

    b.    buy the Property from the estate if (and only if) no such offer is made;

    c.    release its lien and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    d.    agree to a 11 U.S.C. § 506 surcharge to (x) pay our fee and expenses, any commission payable to the local real estate broker and all other fees and expenses associated with the sale, and (y) provide a carveout for the benefit of allowed unsecured creditors of the estate.

    2.    At our recommendation, you have retained a local real estate broker to market the Property for sale to the public under a separate listing agreement. We will assist them by coordinating all aspects of the listing and sale process that involve Secured Creditor's Consent. We will also prepare and deliver any and all reports and information about the Consent, listing and sale process that you reasonably require. However, your local listing broker will be solely responsible for providing you with all other brokerage services associated with selling the Property, including inspecting it to confirm condition and occupancy, preparing any comparative market analysis, Broker Asset Valuation (Streamlined BPO) and Broker's Price Opinion (BPO), recommending a listing price, preparing marketing materials, including photographs and signage, and displaying the same at the Property and on the Multiple Listing Service, conducting all open houses and showings, and helping you evaluate and negotiate purchase offers, all at their sole cost and expense.

1

**Richard M. Dauval, Trustee**
**Engagement Agreement to Negotiate Consented Sale**
**26109 82nd Ave E Myakka City, FL 34251-9171**
**John Oake**

3. The term of this Agreement will commence when you sign and return a copy of this letter and it is approved by the court. This Agreement will automatically terminate upon the closing of the sale of the Property, but may be terminated by either party for any or no reason at any time from and after 180 days from commencement.

4. There will be no fees due to, or payable by, either party under this Agreement, and neither party will be reimbursed by the other party for any cost or expense. Subject to the foregoing, you acknowledge and agree that our fee and expenses will be paid by Secured Creditor as a 11 U.S.C. § 506 surcharge, if and to the extent that Secured Creditor agrees and the court approves. You further acknowledge and agree that, if the Property is sold to a third party, we may receive some or all of our fee and expenses under a fee agreement with the local listing broker.

5. You will make commercially reasonable efforts to assist us in procuring Secured Creditor's Consent and marketing and selling the Property and hereby appoint us as your agent, and grant us power of attorney, to act on your behalf as trustee in connection with the same.

6. We acknowledge and agree that (a) you are not executing this Agreement in your individual capacity, but solely as trustee of the estate, (b) we do not and will not have any right or claim with respect to the estate and (c) our sole recourse for payment of our fee and expenses will be to Secured Creditor under the Consent and the local listing broker under our fee agreement, but only if and to the extent that the same are approved by the court.

7. This Agreement constitutes our complete agreement on this matter and supersedes all prior agreements and representations concerning the same. It may not be modified or amended except in a writing signed by both parties.

Please let us know if you have any questions regarding the foregoing or enclosed materials.

Otherwise, kindly confirm your agreement by signing and returning this letter with a copy of the order approving your application to retain us at your earliest convenience.

We look forward to working with you.

Sincerely,

**BK GLOBAL:**

**BL GLOBAL REAL ESTATE SERVICES**, a Texas limited liability company
By:_____
    Stephanie Givens, Broker-in-Charge

Acknowledged and agreed as of the date set forth above.

**TRUSTEE:**
_____
**RICHARD M. DAUVAL**, not individually but solely as Trustee in the referenced matter.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:                                           Case No. 16-00412
                                                 Chapter 7
JOHN OAKE

_____
          Debtor


AFFIDAVIT OF WILLIAM HOWELL IN SUPPORT OF APPLICATION TO RETAIN
BK GLOBAL REAL ESTATE SERVICES AND HOOK & LADDER REALTY TO
PROCURE CONSENTED PUBLIC SALE PURSUANT TO
11 U.S.C. § 327, 328 AND 330

STATE OF FLORIDA                )
                                )
COUNTY OF Sarasota              )

William Howell, being duly sworn, says:

1. I am a real estate agent duly licensed by the State of Florida.

2. I am an agent of Hook & Ladder Realty, office located at 49 N. East Avenue, Sarasota, Florida 34237 ("Listing Agent").

3. I am familiar with the Application to Hook & Ladder Realty, filed by the Trustee ("Application") and the property described therein.

4. I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 26109 82ND E, Myakka City, Florida 34251 (the "Property").

5. Hook & Ladder Realty has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon

my experience and knowledge of the real estate market, I believe that the commission structure, proposed to be paid, to Hook & Ladder Realty does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

6. Neither I nor any member of Hook & Ladder Realty hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7. To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8. I represent no interest adverse to the Debtor or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

_____
William Howell of
Hook & Ladder Realty

The foregoing instrument was sworn to and subscribed before me this 10th day of March, 2016.

NOTARY PUBLIC

_____
Notary Public, State of Florida

Rebecca E Ruscoe
Type, Stamp, or Print Name as Commissioned

Rebecca E. Ruscoe
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF933845
Expires 11/4/2019

# Limited Service Listing Agreement

This Limited Servicing Listing Agreement ("Agreement") is between: Richard M. Dauval, as Trustee of the Bankruptcy Estate John N. Oake, ("Seller") and William Howell and Hook & Ladder Realty ("Broker").

1. **AUTHORITY TO SELL PROPERTY**: Seller gives Broker the right to sell the real and personal property (collectively "Property") described below, at the price and terms described below, beginning the 4th day of April 2016, and terminating at 11:50 p.m. the 3rd day of October, 2016 ("Termination Date"). Seller certifies that Seller is legally entitled to convey the Property and all improvements. This Property will be offered to any person without regard to race, color, religion, sex, handicap, familial status, national origin or any other factor protected by federal, state or local law.

2. **DESCRIPTION OF PROPERTY**:
   a) Real Property Street Address: 26109 82nd E., Myakka City, FL 34251
   b) Legal Description:
      LOTS 13-18 BLK I GOLDEN ADD TO THE TOWN OF VERNA FIRST ADD, AS REC IN PB 6 P 36 PI#3356.3271/9
   c) Personal Property, included appliances:
   _____
   _____

3. **PRICE AND TERMS**: The property is offered for sale on the following terms, or on other terms acceptable to Seller;
   a) Price: $ 299,900.00
   b) Financing Terms: ☐ Cash ☐ Conventional ☐ VA ☐ FHA ☐ Other_____

4. **BROKER OBLIGATIONS AND AUTHORITY**:
   a) Seller authorizes Broker to advertise the Property as Broker deems advisable including advertising the Property on the Internet unless limited in (4)(a)(i) or (4)(a)(ii) below.
   (Seller op-out) (Check one if applicable)
   ☐ (i) Display the Property on the Internet except the street address of the Property shall not be displayed on the Internet.
   ☐ (ii) Seller does not authorize Broker to display the Property on the Internet. Seller understands and acknowledges that if Seller selects option (ii), consumers who conduct searches for listings on the Internet will not see information about the listed property in response to their search.
   _____/ *RMD* _____ Initials of Seller.

b) Seller authorizes Broker to place the property in a multiple listing service (MLS), to offer compensation to cooperating brokers, and to post a For Sale sign on the property.
c) Seller authorizes Broker to report to the MLS/Association for Realtors this listing information and price, terms and financing information on any resulting sale. Seller authorizes Broker, the MLS and/or Association for Realtors to use, license or sell the active listing and sold data.
d) Broker shall act as a ☐ Single agent of Seller; ☐ Single agent of Seller with consent to transition to transaction broker; ☐ No representative; ☐ Transaction broker
e) Virtual Office Websites: Some real estate brokerages offer real estate brokerage services online. These web sites are referred to as Virtual Office Websites ("VOW"). An automated estimate of market value or reviews and comments about a property may be displayed in conjunction with a property on some VOSs. Anyone who registers on a Virtual Office Website may gain access to such automated valuations or comments and reviews about any property displayed on a VOW. Unless limited below, a VOW may display automated valuations or comments/ reviews (blogs) about this Property.

☐ Seller does not authorize an automated estimate of the market value of the listing (or hyperlink to such estimate) to be displayed in immediate conjunction with the listing of this Property.

☐ Seller does not authorize third parties to write documents or reviews about the listing of the Property (or display a hyperlink to such comments or reviews) in immediate conjunction with the listing of this Property.

f) In addition, Seller authorizes Broker to perform the following:

_____

_____

_____

5. **SELLER OBLIGATIONS:** Seller will immediately inform Broker of any material fact(s) that arise after signing this Agreement.
6. **COMPENSATION:**
Seller agrees to compensate Broker for performing the responsibilities delineated in Paragraph 4(a) $_____ or 3% of purchase price at closing, if the property sells to a buyer that: (a) was procured by Broker; and (b) in fact purchases the property. The 3% shall be shared by any participating broker as agreed upon between the cooperating brokers. There shall be no charge to the Seller of any type constituting additional fees, such as MLS fees and/or transaction fees

7. **ADDITIONAL TERMS**:

The Broker is fully aware that the Property listed in paragraph 2 is being offered for sale by a Chapter 7 bankruptcy estate. The Broker is fully aware and understands that the Property is to be sold "as is, where is," and until it is sold, shall remain subject to the laws and rights of the Debtor, his/her/its creditors and related interested parties, as enumerated under Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure. The Broker understands that limitations on the sale of the Property (e.g., delays in the approval of sale of the Property) may occur based on applicable bankruptcy laws and that such limitations shall never be deemed a violation of this contract by the Parties.

Date: 4/5/16    Seller: Richard Davval, Trustee    Tax ID No: _____
Telephone #s:
Home _____    Work _____    Cell _____    Fax _____
Address: _____    Email: _____

Date: _____    Seller: _____    Tax ID No: _____
Telephone #s:
Home _____    Work _____    Cell _____    Fax _____
Address: _____    E-mail: _____

Date: 04/05/16    Authorized Listing Associate or Broker: William W. Howell
Brokerage Firm Name: Hook & Ladder Realty, Inc.    Telephone: 941-554-4044
Fax: 888-768-2858    E-mail: bhowell@HookandLadderRealty.com
Address: 49 N. East Ave, Sarasota, FL 34237

Copy returned to Seller(s) on the _____ day of _____, _____ by:

☐ personal delivery  ☐ mail  ☐ e-mail  ☐ fax