ORDERED.

Dated: September 18, 2017

K. Rodney May
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:                                                      Case No.: 8:16-bk-00412-KRM
                                                            Chapter 7
John N. Oake

DEBTORS                          /

## ORDER GRANTING TRUSTEE'S
## MOTION TO SELL REAL PROPERTY AND PAY SECURED CREDITORS
### (26109 82nd Avenue East, Myakka City, FL 34251)

THIS CASE came before the court to consider Chapter 7 Trustee, Richard M. Dauval's ("Trustee") *Motion to Sell Real Property Free and Pay Secured Creditors* (the "Motion") (Dkt. No. 31). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service; no party filed a response within the time permitted; and the Court therefore considers the Motion unopposed. Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion and the hearing thereon is approved as proper *in part*, and adequate under the circumstances.

2. The Motion is GRANTED.

3.  The Trustee is authorized to sell the real property located at:

Lots 13 through 18, Block I, AS SHOWN ON THE PLAT OF THE GOLDEN ADDITION TO THE TOWN OF VERNA FIRST ADDITION, according to the map or plat thereof as recorded in Plat Book 6, Page 36, Public Records of Manatee County, Florida.

more commonly known as, (26109 82nd Avenue East, Myakka City, FL 34251 (the "Real Property"), for $255,000.00, conditioned on the consent of its lienholder(s), and in accordance with the terms provided for in the Motion. However, no term of this order shall deem the Real Property to be free and clear of all recorded liens and encumbrances by operation of 11 U.S.C. § 363(f), and instead is to be sold subject to all liens of record.

4.  The Trustee is authorized to pay the secured mortgage creditor Ocwen Loan Servicing, LLC (this mortgage lienholder shall hereinafter be referenced as, "Ocwen" or "Secured Creditor") the amount necessary to release their lien as of the date of closing.

5.  The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtors in the Real Property to Eric M. Freitag and Heidi L. Freitag (the "Buyers").

6.  The Buyers have not assumed any liabilities of the Debtors.

7.  The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

Total Sales/Brokers Commission:
    Hook & Ladder Realty                                            $ 15,300.00*

*to be shared with cooperating brokers
Title Charges:

| | |
|---|---|
| Title Search to Fidelity National Title Insurance Co. | $ 140.00 |
| Title Settlement/Closing Fee to Bright Line Title, LLC | $ 450.00 |
| Owner's Title Insurance to Fidelity National Title Ins. Co. | $ 1,350.00 |
| Government recording / transfer charges | $ 1,785.00 |
| Satisfaction of Liens: | |
| Ocwen, mortgage lienholder | $ 219,809.59 |
| Estimated HOA dues | $ 1,200.00 |
| Miscellaneous (incl. Municipal Lien Search Fee) | $ 650.00 |

It is understood that the above anticipated closing costs and taxes are subject to per diem charges, changes in prorations, and otherwise represent approximate amounts. The Trustee is authorized to pay these amounts to the respective payees, or their reasonable equivalent amounts, depending on the subjective per diem alteration. The Trustee is to use his best business judgment and in the event a closing cost, including the satisfaction of liens, changes materially from the amounts listed above, the Trustee shall seek further relief from the court prior to making such a payment. Otherwise, payment to the above contemplated payees, in amounts above approximate amounts due to industry standard changes in value will not violate this court order.

8. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

9. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

10. The purchase agreement and any related documents or other instruments may be

modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

11. The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Richard M. Dauval, Esquire, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.